IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

KRONOS INCORPORATED,

        Defendant.

09mc0079

**ELECTRONICALLY FILED**

### ORDER OF COURT RE: APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENA DIRECTED TO NON-PARTY KRONOS

The United States Supreme Court articulated the requirements for enforcement of a subpoena issued by an administrative agency in *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The government must prove: (a) the investigation has a legitimate purpose, (b) the inquiry may be relevant to the purpose, (c) the information sought is not within the agency's possession, and (d) the agency has followed the proper administrative steps in issuing the subpoena. The United States Court of Appeals for the Third Circuit has applied the criteria of *Powell* in the context of challenged EEOC subpoenas. See *EEOC v. University of Pittsburgh*, 643 F.2d 983, 985 (3d Cir.), cert. denied, 454 U.S. 880 (1981).

The EEOC's investigation of the Kroger Food Stores in this case arose from the alleged discriminatory treatment on the basis of disability claim of Vicky Sandy, under the Americans with Disabilities Act ("ADA"), in applying and being turned down for bagger, stocker, and/or cashier/checker positions in one Kroger store in the state of West Virginia, on or about May, 2007. Kroger administers a personality assessment instrument or test which was created by Respondent, Kronos Incorporated ("Kronos"), a non-party testing consultant. The test results for Ms. Sandy indicated that she would not be a good choice for the position, as she failed the "communications" section of the assessment.

Following an interview with a Kroger's manager, she was not hired for the position. Ms. Sandy alleges, and the EEOC charged, that the failure to hire was predicated on her hearing/speech impairment.

The third-party Subpoena on Kronos seeks a wide range of documents, data, tests, assessments, and other materials relevant to the EEOC's expansion of said investigation to a nationwide investigation also to include Title VII ("failure to hire/black") allegations regarding other unnamed applicants to Kroger's stores. Specifically, the Subpoena seeks the following:

> 1. Produce any and all documents and data constituting or related to validation studies or validation evidence pertaining to Unicru [Kronos' predecessor] and/or Kronos assessment tests purchased by The Kroger Company, including but not limited to such studies or evidence as they relate to the use of the tests as personnel selection or screening instruments.
>
> 2. Produce the user's manual and instructions for the use of the Assessment Tests used by The Kroger Company.
>
> 3. Produce any and all documents and data, including but not limited to correspondence, notes, and data files, relating to the Kroger Company; its use of the Assessment Tests; results, ratings, or scores of individual test-takers; and any validation efforts made thereto.
>
> 4. Produce any and all documents discussing, analyzing or measuring potential adverse impact on individuals with disabilities and/or an individuals race.
>
> 5. Produce any and all documents related to any and all job analyses created or drafted by any person or entity relating to any and all positions at The Kroger Company.
>
> 6. Furnish a catalogue which includes each and every assessment offered by Unicru/Kronos. Additionally provide descriptions of each assessment.

Subpoena, Exhibit 9 (doc. no. 1-10).

The scope of the Subpoena is breathtaking - - potentially including most of Kronos' business documents, covering its entire client base,[1] with no time, geographic, or job description[2] limitations. To the extent that the EEOC Subpoena seeks materials from a third-party that are unrelated to the Sandy discriminatory treatment investigation, this Court deems the request to be far beyond, and not relevant to, the legitimate purpose of that investigation and that charge.

The Court thus has "re-drafted" the Subpoena to limit its scope to Kronos' work for The Kroger Company, consistent with the scope of the pending discrimination charge, and limited to the time period of January 1, 2006 through May 31, 2007, the State of West Virginia, and the job positions of bagger, stocker, and/or cashier/checker. At this time, any request in the Subpoena beyond the scope of the "re-drafted" Subpoena is not relevant and will not be enforced; without prejudice for the EEOC to re-apply, after the conclusion of the above-permitted discovery, for any additional specific document(s). Obviously, if the "re-drafted" Subpoena includes any document or study which Kronos did not ever create, Kronos need not "create" such document or study.

After careful review of the memoranda of law and the voluminous materials submitted by the EEOC and Kronos, the Court will grant in part the EEOC's request to enforce its subpoena (doc. no. 1-1), as "re-drafted" to include only the following documents:

   1. Produce any user's manual and instructions for the use of the Assessment Tests provided to The Kroger Company.

   2. Produce any and all documents and data, including but not limited to correspondence, notes, and data files, relating to The Kroger Company; The Kroger Company's use of the Assessment Tests; results, ratings, or scores of individual test-takers at The Kroger Company; and any validation efforts

---

[1] Note paragraphs 4 and 6 of the Subpoena are not limited to the Kroger Company.

[2] Note paragraph 5 of the Subpoena covers "any and all positions at the Kroger Company."

performed specific for and only for The Kroger Company.

      3. Produce any and all documents discussing, analyzing or measuring potential adverse impact on individuals with disabilities[3], relating specifically to and only to The Kroger Company.

      4. Produce any and all documents related to any and all job analyses created or drafted by Kronos relating to the bagger, stocker, and/or cashier/checker positions at The Kroger Company.

      5. Furnish any catalogue provided to The Kroger Company.

      6. Items 1 through 5 are limited to the time period of January 1, 2006 through May 31, 2007, in the state of West Virginia, for the positions of bagger, stocker, and/or cashier/checker.

As used above, the terms "document" or "documents" shall be as set forth in the EEOC's Subpoena, Exhibit 9 (doc. no. 1-10).

Thus, the Court grants in part and denies in part EEOC's requested relief. See doc. no. 1 at 2. The Court directs Kronos to comply with the terms of the "re-drafted" Subpoena, and to confer and cooperate with the EEOC in discussing the form of data production and logistics prior to actual production; on or before June 30, 2009, the parties shall enter into any appropriate confidentiality order to protect any trade secret/confidential information of Kronos and the personal information of persons taking the Assessment Tests; and the production shall occur on or before August 31, 2009 (unless the parties agreed to another date, or unless otherwise ordered by this Court). No costs will be awarded.

      **SO ORDERED** this 1st day of June, 2009.

      s/ Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[3] Note paragraph 4 of the Subpoena includes a reference to "race," even though race is not part of the charge.