IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

KRONOS INCORPORATED,

    Respondent.

09mc0079

**ELECTRONICALLY FILED**

Order of Court Enforcing Subpoena Two
With Applicable Confidentiality Provisions

And now, this 21st day of March, 2011, for the reasons set forth in the foregoing Memorandum Opinion, and implementing the directives the United States Court of Appeals for the Third Circuit, IT IS HEREBY ORDERED that Subpoena Two is enforced as written, with the following modifications, subject to the Confidentiality provisions herein.

1. Kronos shall produce any and all documents and data constituting or related to validation studies or validation evidence pertaining to Unicru and/or Kronos assessment tests purchased by The Kroger Company, including but not limited to such studies or evidence as they relate to the use of the tests as personnel selection or screening instruments. [Said document production is limited to information relating to disabilities, persons with disabilities, or adverse impact upon persons with disabilities.]

2. Kronos shall produce the user's manual and instructions for the use of Assessment tests used by The Kroger Company.

3. Kronos shall produce any and all documents (if any) related to the Kroger Company, including but not limited to correspondence, notes, and data files, relating to Kroger Company; its use of the Assessment Test; results, ratings, or scores of individual test takers; and any validation efforts made thereto. [Said document production is limited to information relating to disabilities, persons with disabilities, or adverse impact upon persons with disabilities.]

4. Kronos shall produce any and all documents discussing, analyzing or measuring potential adverse impact on persons with disabilities.

5. Kronos shall produce any and all documents related to any and all job analysis performed by any person or entity related to any or all position(s) at the Kroger Company.

6. EEOC will not disclose any documents or information derived from documents produced pursuant to this Order (hereinafter, collectively referred to as "Confidential Information") to Vicky Sandy or her agents, or any non-EEOC person or entity, during the investigation of her charge; nor will EEOC disclose such Confidential Information to Vicky Sandy or her agents, or any non-EEOC person or entity, after closing the investigation. Any EEOC person to whom the Confidential Information is disclosed must agree in writing to this Order and submit to the personal jurisdiction of this Court for the purpose of enforcement. The Confidential Information shall be used solely for the Sandy Charge or any amendment thereof.

7. EEOC is authorized to disclose the Confidential Information to outside experts retained by EEOC. EEOC need not disclose the identity of such person(s) to Kronos, but EEOC shall provide such information to the Court under seal. The experts whom EEOC identify to the Court, and any adjuncts of those experts, shall execute a written agreement to refrain from disclosing to anyone outside of the EEOC the Confidential Information (and submit to the personal jurisdiction of this Court for the purpose of enforcement) and such agreements shall be filed under seal with the Court. Such experts, and any adjuncts of the experts, shall agree not to use the Confidential Information in any other litigation or for any other purpose, and return

the Confidential Information and any material or work product derived therefrom to the EEOC upon completion of this matter.

8. If any party or third party seeks to obtain Confidential Information from the EEOC under either the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), or Section 83 of the EEOC Compliance Manual while the EEOC's investigation of the Sandy Charge is open, then the EEOC will notify Kronos (by facsimile and e-mail transmission to Kronos' counsel, R. Lawrence Ashe, Jr., Esquire) as soon as is practicable and will assert that the Confidential Information is exempt from disclosure under FOIA, based on the pending investigation, pursuant to 29 C.F.R. § 1610.10 and/or the EEOC's own rules or procedures. If a FOIA request or any other request for the contents of the file with respect to the Sandy Charge or Confidential Information is received after EEOC has closed the Sandy Charge, the EEOC agrees to notify Kronos in the same manner as described and as soon as is practicable, but in no event more than five (5) business days after the request is received, and the EEOC agrees to give Kronos an opportunity to object to disclosure of the Confidential Information to the requesting party. Kronos shall have five (5) business days after receiving such notice to object to disclosure. If Kronos objects, EEOC agrees not to disclose the Confidential Information to the requesting party or parties. EEOC further agrees that, if a party sues EEOC under FOIA to obtain a copy of a charge file which includes Confidential Information, EEOC will not object to Kronos intervening to pursue its objections and confidentiality concerns.

9. No use shall be made of personal information regarding any Kroger employee, applicant, and/or test taker without prior permission of this Court.

10. In the event that the EEOC should file a charge or judicial complaint against Kroger or any other Kronos client, Kronos has not waived any objections it may assert to the discovery and/or the disclosure of Confidential Information in litigation or any right it may have to seek a protective order governing Confidential Information that has been previously disclosed to the EEOC. Similarly, the EEOC has not waived the right to seek production of such material.

11. The Court will retain jurisdiction to enforce this Order of Court.

       SO ORDERED, this 21st day of March, 2011

       \s Arthur J. Schwab
       Arthur J. Schwab
       United States District Court Judge

cc: All ECF registered Counsel of Record