IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Petitioner/Applicant,

v.

KRONOS INCORPORATED,

    Respondent.

09mc0079

**ELECTRONICALLY FILED**

## Memorandum Order on Cost-Shifting

On March 21, 2011, this Court entered a comprehensive Memorandum Opinion and Order (doc. nos. 50 and 51) enforcing "Subpoena Two" with certain confidentiality provisions. Also, at that time, this Court outlined the issue of cost shifting and ordered the parties to file a joint status report setting forth the projected costs of compliance with "Subpoena Two," if they were unable to agree on the allocation of costs. On April 15, 2011, the parties filed their joint status report setting forth that Kronos estimates that the projected cost of compliance with the March 21, 2011 Order of Court is approximately $75,000.00. The EEOC took no position on the accuracy of the projected costs of compliance, as it stated that it "currently has no basis to agree or disagree with this estimate." Doc. No. 52.

In the March 21, 2011 Memorandum Opinion (doc. no. 50), the Court set forth the following analysis on the issue of cost shifting/cost sharing, which bears repeating:

> As the Court of Appeals previously stated, the EEOC has the burden of demonstrating that its investigation is relevant to a legitimate purpose. In addition, the EEOC must also establish that its demand for information is not unreasonably broad or burdensome. *Univ. of Med & Dentistry of N.J. v.*

*Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (other citations omitted); *United States v. Westinghouse Elec. Corp.*, 788 F.2d 164, 166 (3d Cir. 1986). The opinion of the Court of Appeals does not specifically address whether the information requested by the EEOC in Subpoena Two was unduly burdensome, with respect to the internal and external cost of compliance to Kronos. Moreover, the issue of whether the additional information requested by the EEOC in "Subpoena Three" was unreasonably burdensome is also unresolved. Accordingly, the Court finds it necessary to analyze these issues, albeit with the backdrop of Fed. R. Civ. Pro. 45.

This Court is guided by the pronouncements of the Court of Appeals for the Third Circuit, in *United States v. Friedman*, 532 F.2d 928 (3d Cir. 1976), which was a case involving summons brought by the United States on behalf of the Internal Revenue Service against banks and accountants to enforce summonses issued in connection with tax examinations of two taxpayers and a corporation.

In *Friedman*, the Court of Appeals held that a district court has the power to mandate the government to reimburse a subpoena recipient for the reasonable cost of production. While recognizing that Fed. R. Civ. Pro. 45, regarding non-party compliance with a Subpoena in civil litigation, "does not literally apply," to the factual setting in that case, the Court of Appeals counseled that Rule 45 "serves as significant precedent disclosing a broad congressional judgment with respect to fairness in subpoena enforcement proceedings." *Id*. at 937. [1]

Again, within the context of Rule 45, in *United States v. CBS*, 666 F.2d 364, 371-72 (9th Cir. 1982), the Court of Appeals for the Ninth Circuit discussed the need to protect non-parties from significant production expenses:

> Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party. Although we decline to curtail district courts' discretion over the discovery process by adopting the formal guidelines favoring nonparty reimbursement advocated by the studios, we nevertheless emphasize that a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party.

---

[1] The topic of e-discovery issues relating to Electronically Stored Information (ESI) and the costs of compliance with third party subpoenas in the context of civil litigation has garnered recent attention, especially with the advent of the new Fed. R. Civ. Pro. Rule 45(d)(1)(D).

*Id.* at 371-72.

The 1991 amendments to Rule 45 made it mandatory to protect non-parties from significant compliance costs. Subsequent to the advent of the 1991 amendments, numerous Courts have addressed the assessment of undue burden and costs on non-parties. *See Cusumano v. Microsoft* Corp., 162 F.3d 708, 717 (1st Cir. 1998)(third party has no duty to subsidize litigation to which it is not a party); *Daimler Truck No. America, LLC v. YounsessiU*, 2008 WL 2519845 (W.D. Wash. June 20, 2008)(Court should seek a compromise between need for the information and burden on the party); *United States v. Amerigroup Illinois, Inc*. 2005 WL 3111972 (N.D. Ill Oct. 21, 2005).

As the Court of Appeals held over 35 years ago in *Freidman*, this Court finds that the protections of non-parties set forth in Rule 45 and issues surrounding cost shifting to be informative and instructive to the instant issues.

Kronos argues that the costs of production of the documents (both internal and external costs) will be exorbitant, and that the EEOC, not Kronos, should shoulder the financial burden of complying with the Subpoena, a Subpoena which Kronos views as overbroad. Doc. No. 46 at 6. On the other hand, the EEOC argues that Kronos waived any argument regarding cost shifting, and in any event, the shifting of costs is not appropriate because Kronos, as a "sophisticated purveyor of tools that assist employers in managing their workforce," should have reasonably expect to bear these costs as part of doing business. Doc. No. 48 at 11.

Doc. No. 50.

After taking under advisement the issue of cost shifting/cost sharing, and having considered the arguments of both applicant and respondent (as outline above), the Court finds that given the costs of production will amount to approximately $75,000.00, the Court will Order the EEOC and Kronos to split the cost of compliance equally (50%/50%). Given the magnitude of the materials the Court has ordered Kronos to produce, and the substantial costs of production, the Court finds that a 50/50 cost share is fair and equitable, and would lessen the burden on non-party Kronos. With the *Freidman* case and Fed. R. Civ. Pro. 45 as a backdrop, the Court is ever mindful of the fact that Kronos, as a non-party "contractor," should not be required to bear the costs of subpoena compliance, which are significant, solely. Therefore, by splitting the costs

equally, the Court has attempted to strike a balance between the EEOC's need for the information, and the financial burden on Kronos, as the producing non-party. See *Daimler Truck No. America, LLC v. YounsessiU*, 2008 WL 2519845 (W.D. Wash. June 20, 2008)(Court should seek a compromise between need for the information and burden on the party).

Accordingly, IT IS HEREBY ORDERED that the costs of compliance with the March 21, 2011 Order of this Court, shall be split equally (50%/50%) by the EEOC and Kronos.

IT IS FURTHER ORDERED that the proceedings shall be STAYED for 70 days (until July 12, 2011), to provide the parties with adequate opportunity to appeal the ruling(s) of the Court. Should no appeal be filed, the Court will expeditiously set a timetable for production of materials, upon motion by either party.

**SO ORDERED** this 3rd day of May, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties