IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

  v.

KRONOS INCORPORATED,

       Respondent.

09mc0079

**ELECTRONICALLY FILED**

### Order of Court Enforcing Subpoena Two
### With Applicable Confidentiality Provisions

AND NOW, this 19th day of August, 2013, implementing the directives of the United States Court of Appeals for the Third Circuit, IT IS HEREBY ORDERED that Subpoena Two is enforced as written, with the following modifications, subject to the Confidentiality provisions herein.

1. Kronos shall produce any and all documents and data constituting or related to validation studies or validation evidence pertaining to Unicru and/or Kronos assessment tests purchased by The Kroger Company, including but not limited to such studies or evidence as they relate to the use of the tests as personnel selection or screening instruments, even if created or performed for other customer(s). The names/identity of any other customer(s) should be deleted/redacted. Information that relates solely, and refers specifically and only to, race may be redacted.

2. Kronos shall produce the user's manual and instructions for the use of Assessment tests used by The Kroger Company.

3. Kronos shall produce any and all documents (if any) related to the Kroger Company, including but not limited to correspondence, notes, and data files, relating to Kroger Company; its use of the Assessment Test; results, ratings, or scores of individual test takers; and any validation efforts made thereto.

4. Kronos shall produce any and all documents discussing, analyzing or measuring potential adverse impact on persons with disabilities.

5. Kronos shall produce any and all documents related to any and all job analysis performed by any person or entity related to any or all position(s) at the Kroger Company.

6. EEOC is authorized to disclose the Confidential Information to outside experts retained by EEOC. EEOC need not disclose the identity of such person(s) to Kronos, but EEOC shall provide such information to the Court under seal. The experts whom EEOC identify to the Court, and any adjuncts of those experts, shall execute a written agreement to refrain from disclosing to anyone outside of the EEOC the Confidential Information (and submit to the personal jurisdiction of this Court for the purpose of enforcement) and such agreements shall be filed under seal with the Court. Such experts, and any adjuncts of the experts, shall agree not to use the Confidential Information in any other litigation or for any other purpose, and return the Confidential Information and any material or work product derived therefrom to the EEOC upon completion of this matter.

7. In the event that the EEOC should file a charge or judicial complaint against Kroger or any other Kronos client, Kronos has not waived any objections it may assert to the discovery and/or the disclosure of Confidential Information in litigation or any right it may have to seek a protective order governing Confidential Information that has been previously disclosed to the EEOC. Similarly, the EEOC has not waived the right to seek production of such material.

8. The Court will retain jurisdiction to enforce this Order of Court.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Court Judge

cc: All ECF registered Counsel of Record