IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

    v.

KRONOS INCORPORATED,

          Respondent.

09mc0079

**ELECTRONICALLY
FILED**

## <u>Order on Objections to Appointment of Special Master</u>

Upon receipt of the mandate issued by the United States Court of Appeals for the Third

Circuit (doc. no. 61), on August 19, 2013, this Court timely issued an Order fully implementing

the directives of the United States Court of Appeals for the Third Circuit.  Doc. No. 62.  Also, on

the same date, the Court provided notice of its intention to appoint Special Master to issue

Report and Recommendation on expected actual costs to Kronos of compliance with the Revised

Order (doc. no. 63), pursuant to Fed. R. Civ. P. 53.  In support thereof, the Court stated as

follows:

> This miscellaneous matter has a lengthy procedural history, including
> two (2) appeals by the EEOC and the issuing of two (2) precedential opinions
> by the United States Court of Appeals for the Third Circuit.  In light of the
> protracted history of this case, and because the Court is unable to promptly
> resolve the remaining issues in light of its criminal trial schedule in the
> upcoming months, the Court provides notice of intention to select Special
> Master, Louis Kushner, a neutral third-party, to assist the Court, and the
> parties, in this miscellaneous action.  As is evidenced by a review of Mr.
> Kushner's resume (attached hereto), he is a nationally recognized
> neutral/special master with considerable knowledge in employment law
> matters and complex litigation, and the Court has appointed Mr. Kushner as a
> neutral on numerous matters, over which he has discharged his duties
> efficiently, competently, and to the mutual satisfaction of the parties before
> him.  For all of these reasons, the Court hereby gives notice of its intention to
> appoint Special Master Kushner to issue a Report and Recommendation to the

> Court on the pending remaining issue regarding the expected actual cost to
> Kronos of compliance with the Revised Order (doc. no.62). Any objections
> shall be filed by NOON on August 23, 2013. The Court will attach a copy of
> the (proposed) Order appointing Special Master Kushner for the parties review.
> Proposed Special Master Kushner shall also file an affidavit setting forth that
> there are no grounds for disqualification by NOON on August 23, 2013.

Doc. No. 63.

On August 22, 2013, the Court received the EEOC's Objections to the Appointment of

Special Master Kushner on the basis that "such an appointment is not authorized by the rules,

would result in unnecessary expense, and there are no exceptional circumstances supporting such

an appointment." Doc. No. 65. On August 28, 2013, the Court received the Response of Kronos

Incorporated to the Objections of the EEOC, wherein Kronos stated that it does not join in the

EEOC's objections and believes the appointment of Mr. Kushner is proper under Fed. R. Civ. Pr.

53(a)(1)(B) and/or (C). Doc. No. 66.

For the reasons set forth hereinabove, as well as the following reasons, the Court

continues to find that appointment of a special master to oversee this accounting issue is

appropriate and wise, and will therefore, overrule the objections of the EEOC.

(1) Upon Judge McVerry taking senior status in September 2013, the Court will have

three (3) active District Judge vacancies. As of August 26, 2013, the distribution of the caseload

of Former Chief Judge McLaughlin has resulted in the six (6) remaining active Pittsburgh judges

receiving approximately an additional thirty (30) civil cases each. Critically, many of the cases

reassigned to the undersigned contain motions that have been pending for more than six (6)

months (some as many as ten (10) months), and are therefore, due to be reported pursuant to the

Civil Justice Reform Act, as of September 30, 2013. Also, some of these cases are trial ready,

having been pending since 2010, and at least one case has a motion for TRO and Preliminary

Injunction that has been pending for over eight months. In light of the criminal trial schedule of

this Court, as outlined in the prior "Notice" thereon, in addition to the current and new caseload of this Court, exceptional conditions exist and therefore, justify an appointment of a special master at this time.[1]

(2) The EEOC complains that because of budget constraints the "EEOC should not be required to expend scarce resources on special master fees . . . . " However, in the view of the Court, this argument rings hollow because instead of working through, or attempting to work through, the issue of compliance with an administrative subpoena to a non-party, the EEOC has aggressively pursued its cause including two (2) appeals to the United States Court of Appeals for the Third Circuit, while the record does not indicate that the allegedly aggrieved plaintiff's cause of action has moved forward, which does not appear to the most judicious use of the alleged "scarce" resources of the EEOC.

(3) The case of *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 441 (3d Cir. 2005), cited by the EEOC, is the most current statement of the United States Court of Appeals for the Third Circuit on the necessary prerequisites for the appointment of a special master pursuant to Rule 53. In that case, the Court of Appeals, despite finding the appointment was not justified, elucidated an additional parameter for the appointment under Rule 53(a)(1)(B)(ii)(the need to perform an accounting or resolve a difficult computation of damages), which is applicable here. The Court of Appeals for the Third Circuit stated that "[a]ccountings and other damages computations may be referred without the parties' consent because they generally do not call for any peculiar judicial talent or insight." *Id*. at 441 (citing 9A Charles Alan Wright & Arthur R.

---

[1] The EEOC has advised that it will "consent to reassignment of this case for proceedings before a U.S. Magistrate Judge for all purposes, including final disposition of this case, pursuant to 28 U.S.C. § 636(c)(1)." The Court cannot however, agree with that request because the Magistrate Judges are likewise heavily burdened with the influx of new cases, in light of the vacancies. Also, because this "accounting" does not call for any peculiar judicial talent or insight, it would not be a wise or efficient use of the resources of the Local Magistrate. That said, because Mr. Kushner is an "expert" and is well qualified in these matters, the Court carefully selected him, and believes his appointment would be the most efficient and judicious use of the expended resources of the applicant and non-party Kronos.

Miller, Federal Practice and Procedure § 2605 at 655–66 (2d ed.1994)). Likewise, in this case, the computation of the cost of compliance with an administrative subpoena does not call for any "peculiar judicial talent or insight." Instead, like accounting and damage calculations, it requires a review of documents and calculations thereon. It is important to note that this Court has not proposed that Mr. Kushner make a recommendation as to whether there should be a cost-shifting Order. The Court has reserved that judicial determination for itself. Instead, the Court has proposed that Mr. Kushner only issue a recommendation as to the cost of complying with the subpoena.

Additionally, the Court has empowered Mr. Kushner "to perform such other acts as the parties agree upon and the Court subsequently approves." In that capacity, and given that Mr. Kushner is a very capable mediator with years of experience and success, the Court had envisioned that prior to the preparation of a Report and Recommendation, the parties would be able to negotiate in good faith, with the help and services of Mr. Kushner acting as a mediator, thereby eliminating the need for a Report and Recommendation thereon, and saving the applicant and respondent from further litigation costs in this miscellaneous matter which has been pending since March 2009.

For all of these reasons, the Court continues to find that the Appointment of Special Master Kushner is appropriate under *both* Rule 53(a)(1)(B)(i)(exceptional conditions), and Rule 53(a)(1)(B)(ii)(the need to perform an accounting or resolve a difficult computation of damages).

Accordingly, for these reasons, the Court hereby overrules the objections of the EEOC,

and Mr. Kushner shall file a notice indicating conflict status on or before September 16, 2013.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF registered Counsel of Record
Louis Kushner, Esq.